IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRAD W. BRADLEY, et al.,           )
                                   )
           Plaintiffs,             )
                                   )
      v.                           )   No. 11 C 0423
                                   )
COUNTY OF WILL, et al.,            )
                                   )
           Defendants.             )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the court grants the motion to dismiss.

## BACKGROUND

Plaintiffs Brad W. Bradley and Sheri L. Bianchin are allegedly married homeowners, residing in Defendant Will County, Illinois (County). Plaintiffs claim that in 1997, before purchasing their home and property (Property), they contacted the County regarding the planting of native wetland prairie plants on the Property. Plaintiffs allegedly contacted the County again in 1998, described a drainage easement on the Property (Easement), and expressed their desire to place native wetland prairie plantings on the Easement. Plaintiffs contend that, at that time, the

1

County encouraged Plaintiffs to restore the Easement to a wetland prairie and did not advise Plaintiffs that the Easement plantings could not include plants greater than 10 inches in height. The County also allegedly encouraged Plaintiffs to check with their immediate neighbors regarding the planting of native plants on the Easement. Two neighbors allegedly agreed that Plaintiffs could plant native plants and one other was silent on the issue.

Plaintiffs claim that, in reliance on the representations made by the County, they expended substantial time and funds to purchase the Property, acquire native wetland prairie plants, and grow and nurture the plants on the Easement. In August 2009, Plaintiffs allegedly received a letter from the County stating that Plaintiffs were in violation of PM 302.4 of the County Weed Code (Weed Code) due to the plants on the Easement and in violation of PM 302.1 of the County Sanitation Code (Sanitation Code) due to junk and debris on the Property. Plaintiffs allegedly contacted Defendant Jennie Locasto (Locasto), a County inspector, and Locasto inspected the Property. After the junk and debris had been removed, Locasto allegedly closed the Sanitation Code violation case. Plaintiffs then allegedly contacted various individuals working for the County to inquire about an amendment to the Weed Code to allow for native plants. In September 2009, Plaintiffs allegedly received another letter from the County informing them that they were still in violation of the Weed Code. The letter also required Plaintiffs to submit a plantings maintenance plan. Plaintiffs allegedly submitted a proposed plan, and the County then requested several modifications of the plan.

Plaintiffs contend that over the next year, they worked with County officials to resolve the Weed Code violation. Plaintiffs contend that, despite their efforts to satisfy the demands of the County, in September 2010, Plaintiffs were charged by the County State's Attorney with violating the Weed Code. Plaintiffs contend that a trial is scheduled in state court on April 26, 2011 to address the alleged Weed Code violations (State Court Proceedings). Plaintiffs include in their amended complaint First Amendment claims (Count I), a claim contending that the Weed Code is unconstitutionally vague (Count II), equal protection claims (Count III), due process claims (Count IV), trespass claims (Count V), conspiracy claims (Count VI), and Illinois Freedom of Information Act (IFOIA), 5 ILCS 140/1, claims (Count VII). Defendants move to dismiss the instant action.

## DISCUSSION

Defendants argue that this court should abstain from exercising jurisdiction in this case under the *Younger* abstention doctrine, since this action would interfere with ongoing state court proceedings. Defendants also argue, in the alternative, that the court should dismiss the claims for failure to state any valid claims for relief. We initially note that Defendants have objected to the two briefs filed by Plaintiffs in response to the instant motion. Plaintiffs have filed a 13 page "Memorandum in Opposition" to the motion and a 27 page "Response" to the motion. The filing of multiple briefs is improper and is not in accordance with the court's minute order providing the briefing schedule on the motion to dismiss. Also, the briefs exceed the

3

page limitations provided under Local Rules. *See* LR 7.1. Regardless, even when considering the entirety of such filings, as is explained below, abstention is warranted in this action.

Under the *Younger* abstention doctrine, a federal court is required "to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). The *Younger* abstention doctrine is intended "'to permit state courts to try state cases free from interference by federal courts. . . .'" *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007)(quoting *Younger v. Harris,* 401 U.S. 37, 43 (1971)); *see also Village of DePue, Ill. v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008)(stating that the *Younger* abstention doctrine is "designed to permit state courts to try state cases free from interference by the federal courts," to "protect[] the principles of equity, comity, and federalism," and to "prevent[] duplicative legal proceedings")(internal quotations omitted). The *Younger* abstention doctrine prohibits federal courts "from enjoining or otherwise interfering in ongoing state court proceedings that are (1) judicial in nature, (2) involve important state interests, and (3) provide an adequate opportunity to raise the federal claims, as long as (4) no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc.*, 505 F.3d at 662.

A. Judicial Nature of Proceedings and Interference

Defendants argue that Plaintiffs are improperly asking this court to interfere in

the State Court Proceedings that are addressing Plaintiffs' alleged Weed Code violations. The State Court Proceedings are judicial in nature. They are quasi-criminal proceedings being tried in a state court. It is also clear that the relief sought by Plaintiffs in the instant action would interfere with the State Court Proceedings. For example, as a form of relief in the amended complaint, Plaintiffs specifically request that this court enjoin Defendants from pursuing the charges in the State Court Proceedings and from attempting to enforce any judgment obtained in the State Court Proceedings. (A Compl. 63).

B. Important State Interests

Defendants contend that the issues in the State Court Proceedings involve important state interests. Although the *Younger* abstention doctrine usually comes into play in regard to important state court interests in state criminal proceedings, "[t]he Supreme Court has applied the *Younger* doctrine to state proceedings that though not criminal enforce other important state interests. . . ." *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). The *Younger* abstention doctrine applies in the civil context "to a federal suit filed by a party that is the target of state court or administrative proceedings in which the state's interests are so important that exercise of federal judicial power over those proceedings would disregard the comity between the states and federal government." *SKS*, 619 F.3d at 678.

Plaintiffs argue that the Weed Code relates to "minor aesthetic violations." (Opp. Mot. 6). However, Defendants have shown that the purpose of the Weed Code

5

is, at least in part, to protect the health and welfare of County residents. (Reply 4). Also, the *Younger* abstention doctrine has been applied in similar quasi-criminal ordinance enforcement proceedings. *See, e.g., Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607 (1975)(indicating that the *Younger* abstention doctrine could be applied in a civil nuisance proceeding); *Mannheim Video, Inc. v. County of Cook*, 884 F.2d 1043, 1043 (7th Cir. 1989)(affirming district court's abstention from case interfering with state court case addressing zoning ordinance violations); *Ciotti v. Cook County*, 712 F.2d 312, 312 (7th Cir. 1983)(affirming district court's abstention from case impacting state court case addressing zoning ordinance violations). There is a definite need for comity in regard to the enforcement by local governments of their local ordinances, such as the Weed Code, which involve such local state interests. Therefore, Defendants have shown that the State Court Proceedings involve important state interests.

C. Adequate Opportunity to Raise Federal Claims

Defendants contend that Plaintiffs will have an adequate opportunity to pursue all of their federal claims in the State Court Proceedings, and Plaintiffs have not shown otherwise. *See SKS*, 619 F.3d at 680 (stating that "[w]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary")(internal quotations

omitted)(quoting *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15 (1987)); *see also Mannheim Video, Inc.*, 884 F.2d at 1045 (noting that "[n]either party contend[ed] that [the plaintiff] would not have the opportunity to raise its constitutional challenges in the state action"); *Ciotti*, 712 F.2d at 313-14 (noting that "[n]either side contest[ed] the fact that the quasi-criminal action is a forum in which plaintiffs may raise their constitutional challenge to the ordinance"). Thus, there is no indication that Plaintiffs would be unable to present their federal claims in the State Court Proceedings.

### D. Lack of Exceptional Circumstances

Defendants contend that there are no exceptional circumstances that make abstention inappropriate. Plaintiffs argue that there are exceptional circumstances in this case because of alleged harassment by the County and irreparable harm faced by Plaintiffs. Although there is no definitive list of what constitutes exceptional circumstances, "such circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *FreeEats.com, Inc.*, 502 F.3d at 596-97 (internal quotation marks omitted). The Seventh Circuit has recognized exceptional circumstances when "the pending state proceeding was motivated by a desire to harass or is conducted in bad faith," or when "the plaintiff has demonstrated an extraordinarily pressing need for immediate equitable relief that,

7

if not granted, will irreparably injure the plaintiff. . . ." *Id.* (internal quotations omitted); *see also Stroman Realty, Inc.*, 505 F.3d at 664 (listing examples of exceptional circumstances). The party asserting that there are extraordinary circumstances bears the burden of "demonstrat[ing] their existence." *FreeEats.com, Inc.*, 502 F.3d at 596-97.

Plaintiffs argue that the State Court Proceedings were initiated in bad faith and are intended to harass Plaintiffs. However, even when considering the allegations, in Plaintiffs' amended complaint, there are not facts showing harassment or bad faith on the part of Defendants. The facts reflect a disagreement between Plaintiffs and Defendants regarding the validity and the enforcement of the Weed Code. The mere fact that Defendants allegedly tried to resolve the Weed Code violation with Plaintiffs and ultimately decided to bring charges does not show that Defendants are trying to harass Plaintiffs or that the charges against Plaintiffs were brought in bad faith. Plaintiffs acknowledge that they were cited for Weed Code violations prior to the alleged attempts to work out the dispute with Defendants. The fact that Defendants sought to address the charges in a judicial proceeding does not mean that Defendants were seeking to unlawfully harass Plaintiffs. Plaintiffs also contend that they are being "singled out by being required to produce and implement a native plantings planting and maintenance plan," (Mot. Opp. 8-9), but, even if true, it could be for various reasons, including the fact that there may not be other residents that have attempted to include native wetland plantings on a County property in a manner that

8

allegedly violated the Weed Code. Plaintiffs have not alleged sufficient facts to show bad faith or harassment on the part of Defendants.

In addition, Plaintiffs have not shown any potential irreparable injury that requires federal court intervention. Plaintiffs argue that they will be irreparably harmed because they can be fined up to $500.00 per violation per day. (Mot. Resp. 26). However, if the potential harm is monetary damages, then the harm can be readily calculated and Plaintiffs can be made whole for such damages in the future, if appropriate. Such damages, by definition, are the opposite of irreparable harm. *See Stroman Realty, Inc.*, 505 F.3d at 664 (finding that a potential "$25,000 fine for each act of allegedly regulated conduct" was not irreparable harm); *East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 705 (7th Cir. 2005)(stating that "[a] plaintiff may suffer irreparable harm if the nature of the loss makes monetary damages difficult to calculate"); *United States v. Town of Cicero, Ill.*, 786 F.2d 331, 337 (7th Cir. 1986)(indicating that irreparable harm would be when the plaintiff "cannot be made whole by an award of damages"); *see also Gateway Eastern Ry. Co. v. Terminal R.R. Ass'n of St. Louis*, 35 F.3d 1134, 1140 (7th Cir. 1994)(explaining that "showing injury to goodwill can constitute irreparable harm that is not compensable by an award of money damages"); *Vogel v. American Soc. of Appraisers*, 744 F.2d 598, 599 (7th Cir. 1984)(stating that what irreparable harm "means is that the plaintiff is unlikely to be made whole by an award of damages or other relief at the end of the trial"); *Somerset Place, LLC v. Sebelius*, 684 F. Supp.2d

9

1037, 1042 (N.D. Ill. 2010)(stating that "[a]n injury is 'irreparable' when it is of such a nature that the injured party cannot be adequately compensated in damages or when damages cannot be measured by any pecuniary standard"). Thus, the potential fine that Plaintiffs face in the State Court Proceedings is not potential irreparable harm.

Plaintiffs also contend that they will suffer irreparable harm because the natural wetland on the Easement may be destroyed, and they spent significant funds and hours of work to create the wetland. (Mot. Resp. 26). However, there has been no showing by Plaintiffs that if the wetland on the Easement is temporarily cut down or removed, it could not later be restored or that Plaintiffs could not be compensated for any harm relating to its temporary removal. The potential harm to Plaintiffs in this case is not irreparable. Thus, Plaintiffs have not shown that there are any exceptional circumstances in this case that would render abstention inappropriate. It would not be appropriate for this court to interfere with the ongoing State Court Proceedings, since the state court is a forum that is capable of hearing Plaintiffs' claims and affording Plaintiffs their desired relief. There is a definite need for comity in regard to allowing the local state interests to be resolved in the State Court Proceedings, and such a resolution will avoid duplicative judicial proceedings and promote judicial economy. Abstention in this case is therefore clearly warranted, and the court grants Defendants' motion to dismiss based on the *Younger* abstention doctrine. Since the court is abstaining from hearing this action, the court need not address Defendants' alternative argument regarding whether Plaintiffs have pled sufficient allegations to

state valid claims for relief.

## CONCLUSION

Based on the foregoing analysis, the court grants Defendants' motion to dismiss based on the *Younger* abstention doctrine.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   April 14, 2011